IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CARRIE L. SUTHERLAND,<br><br>                        Plaintiff.<br><br>        v.<br><br>JUDITH W. JAGDMANN, *et al.*,<br><br>                       Defendants. | Civil Action Number 3:05CV042-JRS |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff Carrie L. Sutherland's Amended Motion to Disqualify Counsel for Defendants. Ms. Sutherland seeks to disqualify counsel for Defendants based on two main theories: (1) the existence of an attorney-client relationship between herself and Randolph Beales, a partner in Defendants' counsel's law firm, Christian & Barton, LLP ("Christian & Barton"); and (2) the claim that Mr. Beales will be a "necessary witness" at trial so as to require Christian & Barton to be disqualified from representing Defendants by imputation pursuant to the witness-advocate rule. For the reasons briefly stated below, each of these theories fails, and the Motion to Disqualify is hereby DENIED.

I.

A. <u>Attorney-Client Relationship</u>

Ms. Sutherland asserts that she sought and received legal advice from Mr. Beales regarding what she believed to be her imminent termination, which is the subject matter of her pending civil action. Ms. Sutherland describes, without any evidentiary support from the record,

several conversations she claims to have had with Mr. Beales. She further states that, during at least one of these conversations, she and Mr. Beales explicitly agreed to keep the conversation confidential.

The party seeking protection under the attorney-client privilege bears the burden of proving that he or she is a client and "affirmatively sought to become a client." In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 339 (4th Cir. 2005). The existence of an attorney-client relationship "'hinges upon the client's belief that he [or she] is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice.'" Id. (quoting United States v. Evans, 113 F.3d 1457, 1465 (7th Cir. 1997)). The supposed client "must show that his [or her] subjective belief that an attorney-client relationship existed was reasonable under the circumstances." Id.

Ms. Sutherland's memoranda accompanying this Motion offer this Court little more than personal narratives containing factual assertions unsupported by the record. The Court cannot assume the existence of facts giving rise to an attorney-client relationship. See Aielli v. Port Authority of New York, 1996 U.S. Dist. LEXIS 3847, at *5–6 (S.D.N.Y. Mar. 29, 1996) (denying a Motion for Disqualification based partly on the movant's failure to provide affidavits to substantiate the factual assertions she made). Furthermore, even if the Court were to take as true Ms. Sutherland's accounts of the conversations she claims to have had with Mr. Beales, the facts alleged do not support the creation or existence of an attorney-client relationship. Ms. Sutherland did not allege sufficient facts to establish that she contacted Mr. Beales to seek professional legal advice from him in his capacity as a professional legal adviser. As such, none of the information flowing from these conversations can be deemed privileged.

B.  <u>Witness-Advocate Rule</u>

Most of Ms. Sutherland's arguments are tailored to support Christian & Barton's disqualification based on the witness-advocate rule.  Described in Virginia Rule of Professional Conduct 3.7, the witness-advocate rule provides that "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness."  Va. Rules of Prof'l Conduct R. 3.7(a) (2000).  A witness-advocate is permissible, however, when: "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."  <u>Id.</u>

It is not necessary to discuss the three exceptions, because Ms. Sutherland failed to prove that the witness-advocate rule applies to her situation.  As many courts have held, a party seeking to invoke the witness-advocate rule for disqualification purposes must prove that the proposed witness-advocate's testimony is "strictly necessary," not merely relevant and useful.  <u>See, e.g.</u>, <u>Aielli</u>, 1996 U.S. Dist. LEXIS 3847, at *3–4.  Ms. Sutherland's description of Mr. Beales's likely knowledge does not represent such testimony as genuinely unique so as to be strictly necessary.  In short, Ms. Sutherland had to overcome a "substantial burden" to prove the necessary elements of the witness-advocate rule, and she did not meet this burden.  <u>See</u> <u>Personalized Mass Media Corp. v. The Weather Channel, Inc.</u>, 899 F. Supp. 239, 243 (E.D. Va. 1995).

II.

This Court recently explained that a party moving to disqualify opposing counsel bears a high standard of proof.  <u>See</u> <u>Lewis v. Capital One Services, Inc.</u>, 2004 U.S. Dist. LEXIS 26978, at *6 (E.D. Va. June 10, 2004).  When this Court considers Ms. Sutherland's lack of evidentiary

support for her arguments, the inescapable conclusion is that Ms. Sutherland has not overcome her heavy burden to successfully move for disqualification of Defendants' counsel.

For these reasons, Ms. Sutherland's Amended Motion to Disqualify Counsel for Defendants is hereby DENIED.

An appropriate Order shall issue.


ENTERED this <u>31st</u> day of October, 2005.

                                                                                       /s/
                                              James R. Spencer
                                              UNITED STATES DISTRICT JUDGE